UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRUCE A. ZERINGUE                                                                    CIVIL ACTION

VERSUS                                                                                      No. 09-5935

MICHAEL J. ASTRUE                                                                   SECTION I/5

## ORDER AND REASONS

Before the Court is plaintiff Bruce A. Zeringue's unopposed application[1] for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. For the following reasons, the Court **GRANTS** plaintiff's application and awards $3,312.50 for attorney fees.

After exhausting his administrative remedies, plaintiff filed a timely complaint on August 28, 2009 in which he sought review of the Social Security Administration's denial of benefits.[2] Plaintiff moved for summary judgment on the grounds that the administrative law judge's (ALJ's) decision failed to give controlling weight to the opinion of her treating physician and that the decision was not based on substantial evidence.[3] The government then filed a cross-motion for summary judgment.[4] The U.S. Magistrate Judge issued a report and recommendation which found that "the ALJ should have proceeded to step five of the §404.1520 sequential analysis to determine if there was other work available that plaintiff was capable of performing."[5] The U.S. Magistrate Judge also recommended that on remand, "the Commissioner is directed to consider

---

[1] R. Doc. No. 20.
[2] R. Doc. No. 1.
[3] R. Doc. No. 10.
[4] R. Doc. No. 16
[5] R. Doc. No. 17.

1

the effects of plaintiff's pain and the medications he takes to control it on his ability to work."[6]  Finding that the report was unopposed, the Court approved the report and adopted it as its opinion.[7]  Plaintiff now seeks an award of attorney fees under 28 U.S.C. § 2412.

A court must award attorney fees under section 2412(d)(1)(A) if (1) the claimant is a "prevailing party," (2) the position of the United States was not "substantially justified," and (3) there are no special circumstances that make an award unjust.  See 28 U.S.C. § 2412(d)(1)(A); Davidson v. Veneman, 317 F.3d 503, 506 (5th Cir. 2003).  Plaintiff may be considered a "prevailing party" under the EAJA if she "succeed[s] on any significant issue in litigation which achieves some of the benefit [she] sought in bringing suit."  Sims v. Apfel, 238 F.3d 597 (5th Cir. 2001).

Here, the Court remanded the matter under the fourth sentence of 42 U.S.C. § 405(g), which provides: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  The United States Supreme Court and U.S. Fifth Circuit Court of Appeals have made clear that a remand under the fourth sentence of section 405(g) renders the plaintiff a "prevailing party."  Shalala v. Schaefer, 509 U.S. 292, 300-02 (1993); Rice v. Astrue, 609 F.3d 831, 833-34 (5th Cir. 2010).  Further, although the government has the burden of establishing that its position was "substantially justified," Sims, 238 F.3d at 602, the government has filed no opposition to plaintiff's fee application and it has made no showing that its position was substantially justified.  As there are

---

[6] Id.
[7] R. Doc. No. 18.

2

no special circumstances that make an award unjust, the Court has reviewed the hours claimed by plaintiff's counsel and awards $3,312.50 for attorney fees.

Accordingly,

**IT IS ORDERED** that plaintiff's application for attorney fees is **GRANTED**.

New Orleans, Louisiana, December 21, 2010.

**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**